# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JEANNETTE RAHRIG, ) | CASE NO:   1:14CV0411 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
|   Acting Commissioner of Social ) | |
|   Security, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. | |

Marcia W. Margolius, ("Counsel") counsel for Plaintiff, Jeannette Rahrig ("Plaintiff"), petitions this Court for approval of attorney's fees pursuant to 42 U.S.C. 406(b)(1) ("§ 406(b)(1)") in the total amount of $5,670.00.  (Doc. No. 24.)  Defendant, the Acting Commissioner of Social Security ("Commissioner"), does not oppose the petition.  (Doc. No. 26.)

For the reasons set forth below, the motion for fees is GRANTED.  Counsel shall, however, refund amounts previously awarded in this case under the EAJA to Plaintiff.

## I.     BACKGROUND

In May 2010, Plaintiff filed applications for Disability Insurance Benefits ("DIB"), Period of Disability ("PID") and Supplemental Security Income ("SSI"), alleging a disability onset date of April 16, 2007.  (Transcript ("Tr.") 14.)  The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  (*Id.*)  On August 2, 2012, an ALJ conducted a hearing.

(Tr. 14, 34-63.) Plaintiff, represented by counsel, testified on her own behalf at the hearing. (Tr. 34-63.) Gene Burkhammer testified as a vocational expert ("VE"). (Tr. 57- 62.) The ALJ issued a decision on October 29, 2012, in which he determined that Plaintiff was not disabled. (Tr. 14- 26.) When the Appeals Council declined further review in December 2013, the ALJ's decision became the final decision of the Commissioner. (Tr. 1-4.)

On February 23, 2014, Plaintiff filed her Complaint challenging the Commissioner's final decision. (Doc. No. 1.) Plaintiff filed her brief in July 2014. (Doc. No. 14.) Therein, she alleged that (1) the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence, and (2) the ALJ failed to properly evaluate her pain. (*Id.*) On September 23, 2014, the parties jointly stipulated that the matter be reversed and remanded for further proceedings. (Doc. No. 18.) That same day, this Court reversed the Commissioner's final decision and remanded the case for further administrative proceedings consistent with the parties' stipulation. (Doc. No. 19.) On remand, the ALJ was to (1) hold a new hearing; (2) reassess Plaintiff's residual functional capacity; (3) reevaluate the medical source opinions; (4) obtain supplemental evidence from a vocational expert; and (5) issue a new decision. (*Id.*)

On December 17, 2014, Plaintiff's Counsel filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") seeking $3,384.63 in fees. (Doc. No. 20.) In that motion, Counsel indicated that she had expended 18.20 hours representing Plaintiff before this Court. (Doc. No. 20-2.) The Commissioner filed a response indicating she did not object to Counsel's motion. (Doc. No. 22.) In January 2015, this Court granted the motion and awarded Counsel $3,384.63 in attorney fees

under the EAJA. (Doc. No. 23.)

On July 19, 2015, the Commissioner awarded Plaintiff past due benefits in the total amount of $58,132.00 for the period October 2008 through June 2015.[1] The Commissioner withheld 25% of the awarded benefits (i.e, $14,533.00) for possible payment of the contingency fee of Plaintiff's attorney. (Doc. No. 24-1 at 3.) The fee agreement between Plaintiff and Counsel indicates that, if Plaintiff's claim were appealed to the Appeals Council or to Federal Court, Plaintiff would pay Counsel 25 percent of all past due benefits. (Doc. No. 24-2.)

Plaintiff's Counsel now moves for an award of attorney fees of $5,670.00 pursuant to § 406(b)(1) and based on her contingency fee agreement with Plaintiff. (Doc. No. 24.) Counsel attaches to her motion the following: (1) her time sheet; (2) her resume; (3) Plaintiff's July 19, 2015 Notice of Award of benefits; and (4) a January 13, 2014 contingent fee agreement between Plaintiff and Counsel. (Doc. No. 24-1 through 24-5.) Counsel served Plaintiff with a notice of the request for fees on August 4, 2015. (Doc. No. 27.) Plaintiff has not filed any objections to the request. The Commissioner does not oppose an award or oppose the amount of fees requested. (Doc. No. 26.)

## II. LAW & ANALYSIS

Section 406(b)(1)(A) provides for the payment of an attorney's contingency fee from an award of benefits:

---

[1] The notice of award does not state the total amount of past-due benefits paid to Plaintiff. The notice, however, indicated that $14,533.00 constituted 25% of the past-due amount. (Doc. No. 24-1.) Accordingly, this Court assumes that Plaintiff received $58,132.00 in past-due benefits.

3

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

See also *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). A court may award attorney's fees only for work performed before it. *Id.* Due deference should be given to the expression of the intentions of client and attorney in setting fees. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A twenty-five percent fee agreement between attorney and client should not be viewed as reasonable *per se*, but such a fee should be accorded a rebuttable presumption of reasonableness. *Id.* If deductions are to be made in the fee, they should generally be one of two types: (1) deductions occasioned by counsel's improper conduct or ineffectiveness, or (2) deductions to prevent a windfall resulting from either an inordinately large award, or minimal effort expended. *Id.* In any event, "such fees may not . . . be greater than 25 percent of the amount of back benefits accumulated by three months after the case was ready for decision by the district court." *Dearing v. Sec'y of Health & Human Servs.*, 815 F.2d 1082, 1084 (6th Cir. 1987).

Contingent fees may translate into large hourly rates. A large hourly rate in a particular case, however, is not necessarily grounds for finding the rate to be unreasonable:

> In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and

4

undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). A contingent fee that translates into a large hourly rate is *per se* reasonable and not a windfall if the hourly rate resulting from the contingent fee is less than twice the standard rate for such work in the relevant market. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). Finally, it is well established that, where a claimant has been awarded fees under the EAJA, and where counsel is awarded fees under § 406(b)(1), counsel must refund the amount of the smaller fee to the claimant. *See Jankovich v. Bowen*, 868 F.2d 867, 871, n.1 (6th Cir. 1989); *see also Tharp v. Comm'r of Soc. Sec.*, No. 1:08-CV-542, 2011 WL 3438431, *21 (S.D. Ohio Aug. 5, 2011) ("In the situation of a dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.").

Here, there is no indication of improper conduct or ineffectiveness of counsel. Nor does the requested contingent fee appear to represent a windfall. Counsel's total requested contingency fee is 9.75% of the total award from the Commissioner, which is well within the 25% contingency fee permitted by Counsel's agreement with her client. Counsel details 16.20 hours[2] of work in the matter before the Court and would receive $350.00 per hour for her work. (Doc. No. 24 at 1-2.) The Court has previously determined that a hypothetical hourly rate of $350.00 resulting from a contingent fee does not constitute a windfall. *See e.g., Papaleo v. Colvin*, 2013 WL 3940794 at * 3 (N.D. Ohio July 30, 2013) (Vecchiarelli, M.J.) ("[W]hile the requested fees translate into

---

[2] For purposes of the instant motion, Counsel deducted the amount of time (2.0 hours) spent preparing her motion for EAJA fees. *Compare* Doc. No. 20-2 with 24-3.

an hourly rate of $350.00, this Court has previously determined that such a rate does not constitute a windfall"); *Brown v. Comm'r of Soc. Sec.*, 2012 WL 6682112 at * 3 (N.D. Ohio Dec. 21, 2012) (Vecchiarelli, M.J.) (rejecting counsel's request for an hourly rate of $400 and awarding counsel an hourly rate of $350). Finally, neither Plaintiff nor the Commissioner has any objections to Counsel's motion.

Accordingly, and for the foregoing reasons, the Court concludes that Counsel's requested contingency fee in the amount of $5,670.00 is reasonable and appropriate under the circumstances of this case. Counsel shall refund $3,384.63 - the amount previously awarded under the EAJA in this case– to Plaintiff.

### III.    CONCLUSION

For the foregoing reasons, Counsel's motion for attorney's fees (Doc. No. 24) is GRANTED.

**IT IS SO ORDERED**.

*s/ Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: February 24, 2016

6